IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA M. LANGLEY                                                                                    PLAINTIFF

        v.                              Civil No. 2:12-cv-02123-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration[1]                                                                 DEFENDANT

## MEMORANDUM OPINION

**I.**      **Factual and Procedural Background**

Plaintiff, Sandra M. Langley, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act").

Plaintiff protectively filed her application on April 8, 2009, alleging a disability onset date of June 5, 2008, due to arthritis in her shoulders and elbows, joint pain, chronic obstructive pulmonary disease ("COPD"), and back pain. Tr. 8, 129. On the alleged onset date, Plaintiff was forty-six years old with a limited education. Tr. 15.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 8, 52-54. At Plaintiff's request, an administrative hearing was held on June 29, 2010. Tr. 17-49. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on November 16, 2010, finding Plaintiff was not disabled within the meaning of the Act. Tr. 5-16.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

Subsequently, the Appeals Council denied Plaintiff's Request for Review on May 25, 2012, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of that decision.

## II.     Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities;

(3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.    ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since June 5, 2008, her alleged onset date. Tr. 10. At step two, the ALJ found Plaintiff suffers from the following "severe" impairments: arthralgia, tendinosis/tendinitis, COPD, and back pain. Tr. 10. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 10-12.

At step four, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except she could perform no rapid, repetitive handling and fingering and no overhead reaching, but could perform frequent, but not constant, reaching in all other directions. Tr. 12-15. Additionally, the ALJ determined Plaintiff must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation. Tr. 12-15.

Based on this RFC assessment, the ALJ determined Plaintiff could not perform any of her past relevant work. Tr. 15. However, after consulting a vocational expert, the ALJ found jobs

existing in significant numbers in the national economy that Plaintiff could perform.[2]  Accordingly, the ALJ determined Plaintiff was not under a disability from June 5, 2008, the alleged onset date, through November 16, 2010, the date of the administrative decision.  Tr. 16.

### IV.    Discussion

On appeal to this Court, Plaintiff argues that the ALJ erred by: (A) failing to address her treating physician's RFC assessment; (B) improperly dismissing her subjective complaints; and (C) identifying jobs that are inconsistent with her RFC.  *See* Pl.'s Br. 9-20.  The Commissioner responds that substantial evidence supports the ALJ's decision.  *See* Def.'s Br. 4-19.  For the following reasons, the court finds that substantial evidence does not support the ALJ's decision.

At the fourth step of the evaluation, a disability claimant has the burden of establishing her RFC.  *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  A claimant's RFC is the most she can do despite her limitations.  20 C.F.R. § 404.1545(a)(1).  The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Masterson*, 363 F.3d at 737.  The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question."  *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).  Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination.  *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

---

[2] The ALJ determined Plaintiff could perform the requirements of representative light occupations such as bench assembler, of which there are 6,300 jobs in Arkansas and 300,000 jobs in the national economy, maid/housecleaner/laundry worker, of which there are 3,000 jobs in Arkansas and 305,000 jobs in the national economy, and pressing machine operator, of which there are 1,000 jobs in Arkansas and 67,500 jobs in the national economy.  Tr. 16, 43-44.

In this instance, the ALJ did not acknowledge, much less discuss, the RFC assessment completed by Plaintiff's treating physician, Dr. Stephanie Frisbie, on September 15, 2010. Tr. 380-386. A treating physician's opinion is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in a clamant's record. *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009); 20 C.F.R. § 404.1527(d)(2). The record must be evaluated as a whole to determine whether the treating physician's opinion should be controlling. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). A treating physician's evaluation may be disregarded where other medical assessments "are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* at 920-21 (quoting *Prosch*, 201 F.3d at 1013). In any case, an ALJ must always "give good reasons" for the weight afforded to the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2).

The Commissioner concedes that the ALJ did not discuss Dr. Frisbie's RFC assessment, and attempts to de-emphasize the magnitude of this omission by noting that the ALJ did consider the opinion of Dr. Deneke, the treating specialist. *See* Def.'s Br. 12-13. This argument is unpersuasive. While it is the ALJ's duty to resolve conflicts among the various opinions of treating physicians, *Heino v. Astrue,* 578 F.3d 873, 879 (8th Cir. 2009), the ALJ must first *acknowledge and consider* those opinions. From review of the record, the undersigned cannot determine whether the ALJ was even aware of Dr. Frisbee's report, though it was made a part of the administrative record prior to the ALJ's November 16, 2010 decision. Thus, it is ambiguous as to whether the ALJ considered Dr. Frisbee's opinion at all, and, if so, what weight he attached to it. This omission constitutes reversible error. As such, the undersigned finds that substantial evidence does not

support the ALJ's decision and remands this case for further consideration.

On remand, the ALJ should consider Dr. Frisbee's opinion and "give good reasons" for the weight attached to her RFC assessment. 20 C.F.R. § 404.1527(d)(2); *See Prosch,* 201 F.3d at 1013 ("Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation.").

**V.      Conclusion**

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 16th day of July 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE